UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

#2

# 12 CV 9163

---

BERNARD B. IDLISAN

---

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

---

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION

---

Jury Trial: ☐ Yes ☒ No

*(check one)*

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant.  Addresses should not be included here.)*

DEC 14 2012

PRO SE OFFICE

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
to 2000e-17 (race, color, gender, religion, national origin).
***NOTE:** In order to bring suit in federal district court under Title VII, you must first obtain a
Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
621 - 634.
***NOTE:** In order to bring suit in federal district court under the Age Discrimination in
Employment Act, you must first file a charge with the Equal Employment Opportunity
Commission.*

   ✕       Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
12117.
***NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act,
you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity
Commission.*

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
race, creed, color, national origin, sexual orientation, military status, sex,
disability, predisposing genetic chacteristics, marital status).

_____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
131 (actual or perceived age, race, creed, color, national origin, gender,
disability, marital status, partnership status, sexual orientation, alienage,
citizenship status).

## I.    Parties in this complaint:

A.    List your name, address and telephone number.  Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name                 BERNARD B. IDLISAN

Street Address           1402 Jefferson Avenue, 1st Floor

County, City             Brooklyn

State & Zip Code         NY 11237

Telephone Number         347-397-4141

B.    List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant    Name                 NEW YORK CITY HEALTH AND HOSPITALS CORPORATION

Street Address           125 Worth Street

County, City             New York

State & Zip Code         NY 10013

Telephone Number         212-442-0352

C.    The address at which I sought employment or was employed by the defendant(s) is:

Employer             NEW YORK CITY HEALTH AND HOSPITALS CORPORATION

Street Address           125 Worth Street

County, City             New York

State & Zip Code         NY 10013

Telephone Number         212-442-0352

## II.    Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

   ✕          Failure to hire me.

              Termination of my employment.

              Failure to promote me.

              Failure to accommodate my disability.

              Unequal terms and conditions of my employment.

_____    Retaliation.

_____    Other acts *(specify):* _____ .

**Note:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: ___11/22/2011___ .

*Date(s)*

C.    I believe that defendant(s) *(check one):*

      __✗__    is still committing these acts against me.

      _____    is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain):*

    ☐    race   _____    ☐    color   _____

    ☐    gender/sex   _____    ☐    religion_____

    ☐    national origin   _____

    ☐    age.   My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

    ☒    disability or perceived disability, ___SEVERE TRIPLE VESSEL HEART DISEASE___ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary):*

1) I was a member of the protected class as being disabled diagnosed with severe triple vessel

heart disease as shown on Exhibits A, B, C and D.

2) The Defendant, NYC Health and Hospitals Corporation, denied as having any knowledge about

my disability which was extremely false.  Defendant has a way of knowing my disability based on

the cover letters I submitted online as part of the online application process.

3) I was not called for an interview because according to Defendant, my resume reflected a lack of

of appropriate qualifications for the positions I have applied for which was extremely false.

**Note:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: ___March 05, 2011_____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

_____    has not issued a Notice of Right to Sue letter.

 ☒  _____    issued a Notice of Right to Sue letter, which I received on ___09/20/2012___ *(Date)*.

**Note:** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____    60 days or more have elapsed.

_____    less than 60 days have elapsed.

## IV.    Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: I urgently need a job in order to survive. If job is not available, I am

seeking for compensatory damages in the amount of FIFTY THOUSAND ($50,000.00), DOLLARS.

My basis for such a relief is the intentional infliction of emotional distress upon me by Defendant.

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this __10__ day of ___December___, 20__12__.

Signature of Plaintiff    *Bernard Adelisan*

Address    1402 Jefferson Avenue, 1st Floor

Brooklyn, NY 11237

Telephone Number    347-397-4141

Fax Number *(if you have one)*    none

NYC HEALTH AND HOSPITALS CORPORATION

SEQUENCE OF EVENTS

| EXHIBIT | DATE | PARTICULARS |
|---------|------|-------------|
| G-J | 08/13/11 | - Initially submitted my online applications for Clerical Associate under Job ID numbers 4630, 4661, 4663, and 4662 with a resume and cover letters which disclosed my disability (severe triple vessel heart disease). |
| K -R | 10/30/11 | - Subsequently submitted online applications to various facilities of Respondent for the position of Clerical Associate under Job ID numbers 5498, 5366, 5732, 5733, 5790, 5064, 6014, and 6154 which were all rejected without valid justifications. |
| S1-S2 | - | - Respondent's print out of "My Career Tools" showing all positions I duly applied for. |
| AA | 03/05/12 | - Initially filed a discrimination complaint against the NYC Health and Hospitals Corporation due to a disability. |
| BB | 03/06/12 | - Received notice of acknowledgment from the New York State Division of Human Rights. |
| CC | 05/04/12 | - Written response from NYC Health and Hospitals Corporation with the Following contentions: |

    1) Respondent has no knowledge of Complainant's disability

    2) Complainant was not qualified for consideration under the Section 55-a Program because Respondent is a public benefit corporation and not a municipal agency. Notwithstanding the fact, Respondent has implemented a similar program through its Personnel Rules and Regulations entitled Regulation No. 4: Non-Competitive Employment Program for Qualified Persons with Physical and Mental Disabilities (please see Supplemental Exhibit f)

    3) Complainant was not called for an interview because Complainant's resume reflected his lack of qualifications for the positions applied for (please see Exhibit g).

| DD | 05/14/12 | - Letter received from NYS Division of Human Rights asking me to submit a written response or a "rebuttal". |
| EE | 05/24/12 | - Submitted my rebuttal to the NYS Division of Human Rights with the following assertions or comments: |

1)  Respondent's denial of having any knowledge about my disability (severe triple vessel heart disease) was extremely FALSE. Respondent has a way of knowing my disability based on the cover letters I initially submitted online which was part of the application process. In the said cover letters, I honestly indicated my disability as that of a severe triple vessel heart disease (please see Exhibits G, H, I, J). After learning the fact that I have a disability issue based on the said cover letters, the Recruiter at the Human Resources who was responsible for screening the online applications, has simply ignored all my subsequent applications which I submitted on 10/30/11, 11/12/11, 11/16/11, 11/17/11, 11/22/11, 12/20/11 and 12/23/11. Due to the severity of my medical condition as reflected in the herein attached medical reports marked as Exhibit A, B, C, and D, Respondent merely denied me of the opportunity to be hired in any of the twelve (12) positions that I duly applied for. Respondent was just scared to hire me and be held responsible in the event that something bad will happen to me while performing the duties of the position that I was hired for.

2)  Respondent claimed that I was not qualified for consideration under the 55-a Program of the NYS Civil Service Law because accordingly Health and Hospitals Corporation is a public benefit corporation and not in itself municipal agency. Respondent, however, asserted that it implemented a similar program known as REGULATION NO. 4: Non-Competitive Employment Program for Qualified Persons with Physical and Mental Disabilities. Granting that 55-a was not applicable in my situation, I should have been considered under its Regulation 4 because it was similar in itself to Section 55-a Program. I filed my discrimination complaint against Respondent because of my disability in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law). I did not specifically say that I filed my complaint in violation of Section 55-a of the NYS Civil Service Law as alleged by Respondent.

3)  Respondent maintained that I was not called for an interview because accordingly, I lacked the appropriate qualifications based on my resume which was extremely FALSE. Respondent failed to consider my qualifications as reflected in the resume, to wit:

    a)  Eight (8) years health-related experience
    b)  A Bachelor's degree in Accounting
    c)  Wide-range of experience in office management

Respondent stated that, "Complainant's resume, on its face, reflected his lack of qualifications for these positions-a circumstance that would readily and logically explain why he was not called for an interview". My question is:  Under what circumstance was I not qualified for the


position of Clerical Associate?  As shown on my resume, I have held a Records Officer position in a pediatric hospital way back in my country, the Philippines.  I know what a Clerk's job is because I had performed the same kind of job in a hospital setting before I was promoted to a competitive position as Records Officer.  Respondent failed to present concrete evidence(s) to show proof that the hired candidates were more qualified than me.  The NYS Division of Human Rights, on the other hand, failed to obtain a comparative analysis report from Respondent indicating the qualifications of each hired candidates for the Clerical Associate position that I have similarly applied for.  It solely based its findings of NO PROBABLE CAUSE on the merit of the reasons articulated by Respondent, which for me, was filled with biased.

FF     08/24/12    - Determination and Order After Investigation was received from the NYS Division of Human Rights which indicated the following findings:

    a) Complainant, who suffers from triple vessel heart disease, applied for various Clerical Associate position with Respondent.

    b) Respondent asserted that they did not interview Complainant for the Clerical Associate position because there were other candidates who they consider more qualified based on job experience and/or language ability.

    c) Respondent denied having knowledge of Complainant's disability when making the decisions not to interview him, and there's no evidence that they knew of Complainant's heart disease at that time.

GG    09/20/12    - Dismissal and Notice of Rights to Sue was received from EEOC.

HH    12/10/12    - Filed a lawsuit against NYC Health and Hospital Corporation pursuant To the Americans with Disabilities Act (ADA), 42 U.S.C. 12101 et seq., As amended, for discrimination based upon a disability.

SUPPLEMENTAL
  EXHIBITS

  A, B, C, and D    - Copies of Medical Reports

  E    - Certificate of Disability and Job Readiness from Michael Avaricio, M.D.

  f    - Respondent's Reply (Complainant's claim based on violation of 55-a)

  g    - Respondent's Reply ( Complainant's claim based on disability)



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>BERNARD IDLISAN,<br><br>Complainant,<br><br>v.<br><br>NEW YORK CITY HEALTH & HOSPITALS CORPORATION,<br><br>Respondent. | **VERIFIED COMPLAINT**<br>Pursuant to Executive Law,<br>Article 15<br><br>Case No.<br>**10153653** |

Federal Charge No. 16GB201974

I, Bernard Idlisan, residing at 1402 Jefferson Avenue, 1st Floor, Brooklyn, NY, 11237, charge the above named respondent, whose address is Mark Walter, Esq., Senior Counsel, Office of Legal Afffairs
125 Worth Street, Room 527, New York, NY, 10013 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of disability.

Date most recent or continuing discrimination took place is 8/13/2011.

The allegations are:

### See Attached Complaint Form

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of disability, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating the Americans with Disabilities Act (ADA) (covers disability relating to employment). I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

EXHIBIT AA

***DESCRIPTION OF DISCRIMINATION*** – for all complaints *(Public Accommodation, Employment, Education, Housing and all other regulated areas listed on Page 3)*

***Please tell us more about each act of discrimination that you provided information about on Pages 3 and 4. Please include dates, names of people involved, and explain why you think it was discriminatory. PLEASE TYPE OR PRINT CLEARLY.***

I was discriminated against in the area of employment on the basis of my **disability** by the **New York City Health and Hospitals Corporation.**

Responding to an ad posted on the **HHC Website**, I applied for the following **vacant positions** through **Section 55-a** of the New York State Civil Service Law.

| HOSPITAL NAME | EXHIBIT | DATE APPLIED | JOB ID# | POSITION APPLIED FOR |
|---|---|---|---|---|
| Elmhurst Hospital | G | 08/13/11 | 4630 | Clerical Associate – LII |
| Elmhurst Hospital | H | 08/13/11 | 4661 | Clerical Associate – LIII |
| Coney Island Hospital | I | 08/13/11 | 4663 | Clerical Associate – LIII |
| Elmhurst Hospital | J | 08/13/11 | 4662 | Clerical Associate – LIII |
| North Bronx Hospital | K | 10/30/11 | 5498 | Clerical Associate – LIII |
| Queens Hospital Center | L | 11/12/11 | 5366 | Clerical Associate – LII |
| Health and Home Care | M | 11/16/11 | 5732 | Clerical Associate – LIII |
| Queens Hospital Center | N | 11/17/11 | 5733 | Clerical Associate – LII |
| Bellevue Hospital Center | O | 11/17/11 | 5790 | Clerical Associate – LIII |
| Coney Island Hospital | P | 11/22/11 | 5064 | Clerical Associate – LIII |
| Coney Island Hospital | Q | 12/20/11 | 6014 | Clerical Associate – LIII |
| Lincoln Medical | R | 12/23/11 | 6154 | Clerical Associate – LII |

The status of my application is indicated on the attached **"My Career Tools"** marked as **EXHIBIT S.** The worst thing about it is the fact that I was not given any chance for an interview in any of the position that I applied for.

I'm alleging the following as **prima facie case** of employment discrimination: **1)** I was **disabled** at the time of my application **2)** I applied for and was qualified for the position **3)** I possessed the appropriate civil service eligibility and **4)** I was denied the opportunity to be hired for the position.

I recently passed the **Civil Service examinations** for **Beginning Clerical Worker** and **Keyboard Specialist** with passing rates of **90%** and **80%**, respectively. I also passed the **DCAS** examination for **Eligibility Specialist** with a passing rate of **72.5%** (please see **EXHIBIT V and W**).

I personally believed that the main reason why I was not hired is because of my **disability.** I was diagnosed with **severe triple vessel heart disease** as supported by **EXHIBITS A, B, C, D** and **E.** I was certified by **Michael Avaricio, M. D. (Cardiologist)** as **capable** of performing the duties of the position I have applied for in an office environment setting as supported by **EXHIBIT U.**

## NOTARIZATION OF THE COMPLAINT

Based on the information contained in this form, I charge the above-named Respondent with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment), or filing my housing/credit complaint with HUD under Title VIII of the Federal Fair Housing Act, as amended (covers acts of discrimination in housing),as applicable. This complaint will protect your rights under Federal Law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law and/or to accept this complaint on behalf of the U.S. Department of Housing and Urban Development for review and additional filing by them, subject to the statutory limitations contained the in aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

_Bernard Adewar_
_____
Sign your full legal name

Subscribed and sworn before me
This **5th** day of _March_ 20 _12_

_____
Signature of Notary Public

County: _____    Commission expires: _____
Maria Del Carmen Portillo
Commissioner of Deeds, City of New York
Commission No. 4-6946
Cert. Filed in New York County
Commission Expires 11-01-2012

*Please note: Once this form is notarized and returned to the Division, it becomes a legal document and an official complaint with the Division of Human rights. After the Division accepts your complaint, this form will be sent to the company or person(s) whom you are accusing of discrimination.*



## New York State Division of Human Rights
### Complaint Form

RECEIVED

MAR 0 5 2012

BROOKLYN REGIONAL OFFICE

## CONTACT INFORMATION

**My contact information:**

Name: _____BERNARD B. IDLISAN_____

Address: ___1402 Jefferson Avenue___     Apt or Floor #: ___1st Floor___

City: ___Brooklyn___     State: __NY__     Zip: __11237__

## REGULATED AREAS

I believe I was discriminated against in the area of:

- [x] Employment
- [ ] Apprentice Training
- [ ] Public Accommodations
  *(Restaurants, stores, hotels, movie theaters amusement parks, etc.)*
- [ ] Education
- [ ] Boycotting/Blacklisting
- [ ] Housing
- [ ] Commercial Space
- [ ] Volunteer firefighting
- [ ] Credit
- [ ] Labor Union, Employment Agencies

## I am filing a complaint against:

Company or Other Name: __NYC HEALTH AND HOSPITALS CORPORATION (HHC)__

Address: ___125 Worth Street___

City: ___New York___     State: __NY__     Zip: __10013__

Telephone Number: __212__  __442__  __0352__
                  (area code)

Individual people who discriminated against me:

Name: __The Recruiter__     Name: _____

Title: __Human Resources__     Title: _____

## DATE OF DISCRIMINATION

The most recent act of discrimination happened on: __11__  __22__  __2011__
                                                     month  day   year

3

## BASIS OF DISCRIMINATION

*Please tell us why you were discriminated against by checking one or more of the boxes below.*

 You do not need to provide information for every type of discrimination on this list. Before you check a box, make sure you are checking it only if you believe it was a reason for the discrimination. Please look at the list on Page 1 for an explanation of each type of discrimination.

**Please note**: Some types of discrimination on this list do not apply to all of the regulated areas listed on Page 3. (For example, Conviction Record applies only to Employment and Credit complaints, and Familial Status is a basis only in Housing and Credit complaints). These exceptions are listed next to the types of discrimination below.

### I believe I was discriminated against because of my:

| | |
|---|---|
| ☐ **Age** *(Does not apply to Public Accommodations)*<br>Date of Birth: | ☐ **Genetic Predisposition** *(Employment only)*<br>Please specify: |
| ☐ **Arrest Record** *(Only for Employment, Licensing, and Credit)*<br>Please specify: | ☐ **Marital Status**<br>Please specify: |
| ☐ **Conviction Record** *(Employment and Credit only)*<br>Please specify: | ☐ **Military Status:**<br>Please specify: |
| ☐ **Creed / Religion**<br>Please specify: | ☐ **National Origin**<br>Please specify: |
| ☑ **Disability**<br>Please specify:<br><br>SEVERE TRIPLE VESSEL HEART DISEASE | ☐ **Race/Color or Ethnicity**<br>Please specify: |
| ☐ **Domestic Violence Victim Status:**<br>*(Employment only)*<br>Please specify: | ☐ **Sex**<br>Please specify: ☐ **Female**  ☑ **Male**<br>        ☐ **Pregnancy**<br>        ☐ **Sexual Harassment** |
| ☐ **Familial Status** *(Housing and Credit only)*<br>Please specify: | ☐ **Sexual Orientation**<br>Please specify: |
| ☐ **Retaliation** *(if you filed a discrimination case before, or helped someone else with a discrimination case, or reported discrimination due to race, sex, or any other category listed above)*<br><br>Please specify: | |

 Before you turn to the next page, please check this list to make sure that you provided information **only** for the type of discrimination that relates to your complaint.

1402 Jefferson Avenue, 1st Floor
Brooklyn, NY 11237
**Echostar143@yahoo.com**

August 13, 2011

**Queens Health Network**
Human Resources Department
82-68 164th St., "T" Building, 6th Floor
Jamaica, NY 11432
Attn: Recruitment Unit

Dear Recruiter:

I'm writing in response to your recent advertisement posted on the HHC website for a **Clerical Associate – L III (00002663)** position under **Job ID#4661.** I'm applying for this vacant position through the **55-a Program** of the New York State Civil Service Law as administered by the New York City Department of Citywide Administrative Services.

I was diagnosed with severe triple vessel heart disease which impairment has made me a disabled person. Pursuant to Section 55-a, I'm qualified to apply in civil service positions either on a competitive or non-competitive basis.

I recently passed the Civil Service exams for Beginning Clerical Worker and Eligibility Specialist with general ratings of 90.0% and 72.5%, respectively.

As my resume indicates, I have a strong academic background in accounting combined with over five years of experience in bookkeeping. In me, you will discover a reliable, detail-oriented, efficient and hard working associate – one who will serve as a model to encourage other staff members to demonstrate the same high standard of professionalism.

As in any business, I recognize the need for confidentiality and discretion. My strong organizational and time management abilities will allow me to multi-task to meet deadlines. A dedicated and flexible player, I am also very self-motivated and work well independently. With my varied transferable skills, I believe I could make a significant and valuable contributions to your organization.

I look forward to hearing from you to discuss the possibility of setting up an interview at your utmost convenience. I can be reached either by email at **echostar143@yahoo.com** or by phone at 347-397-4141.

Thank you for your time and favorable consideration.

Sincerely yours,

**BERNARD IDLISAN**

**EXHIBIT G**

**Subject:**  Your online resume has been successfully submitted

**From:**  hhcjobs@nychhc.org (hhcjobs@nychhc.org)

**To:**  echostar143@yahoo.com;

**Date:**  Wednesday, December 31, 1969 7:00 PM

(Please Note:  This message was automatically generated.  Please do not respond.)

Dear BERNARD IDLISAN,

Thank you for expressing an interest in the following position(s) submitted on 2011-08-13:

4661-Clerical Associate - L III (00002663)

We have received your application.  Should we need additional information from you, you will be contacted directly.

Once again, thank you for your interest in the New York City Health & Hospitals Corporation.

To review your information, click the following link.

-----------------------------------------

Visit www.nyc.gov/hhc

CONFIDENTIALITY NOTICE: The information in this E-Mail may be confidential and may be legally privileged. It is intended solely for the addressee(s). If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on this e-mail, is prohibited and may be unlawful. If you have received this E-Mail message in error, notify the sender by reply E-Mail and delete the message.

1402 Jefferson Avenue, 1st Floor
Brooklyn, NY 11237
Echostar143@yahoo.com

August 13, 2011

**Queens Health Network**
Human Resources Department
82-68 164th St., "T" Building, 6th Floor
Jamaica, NY 11432
Attn: Recruitment Unit

Dear Recruiter:

I'm writing in response to your recent advertisement posted on the HHC website for a
**Clerical Associate – L III (I03369)** position under **Job ID#4662.** I'm applying for this
vacant position through the **55-a Program** of the New York State Civil Service Law as
administered by the New York City Department of Citywide Administrative Services.

I was diagnosed with severe triple vessel heart disease which impairment has made me a
disabled person. Pursuant to Section 55-a, I'm qualified to apply in civil service positions
either on a competitive or non-competitive basis.

I recently passed the Civil Service exams for Beginning Clerical Worker and Eligibility
Specialist with general ratings of 90.0% and 72.5%, respectively.

As my resume indicates, I have a strong academic background in accounting combined
with over five years of experience in bookkeeping. In me, you will discover a reliable,
detail-oriented, efficient and hard working associate – one who will serve as a model to
encourage other staff members to demonstrate the same high standard of professionalism.

As in any business, I recognize the need for confidentiality and discretion. My strong
organizational and time management abilities will allow me to multi-task to meet dead-
lines. A dedicated and flexible player, I am also very self-motivated and work well
independently. With my varied transferable skills, I believe I could make a significant
and valuable contributions to your organization.

I look forward to hearing from you to discuss the possibility of setting up an interview
at your utmost convenience. I can be reached either by email at **echostar143@yahoo.com**
or by phone at 347-397-4141.

Thank you for your time and favorable consideration.

Sincerely yours,

**BERNARD IDLISAN**

**EXHIBIT H**

1402 Jefferson Avenue, 1st Floor
Brooklyn, NY 11237
**Echostar143@yahoo.com**

August 13, 2011

**Queens Health Network**
Human Resources Department
82-68 164th St., "T" Building, 6th Floor
Jamaica, NY 11432
Attn: Recruitment Unit

Dear Recruiter:

I'm writing in response to your recent advertisement posted on the HHC website for a **Clerical Associate – L III (00002365)** position under **Job ID#4663.** I'm applying for this vacant position through the **55-a Program** of the New York State Civil Service Law as administered by the New York City Department of Citywide Administrative Services.

I was diagnosed with severe triple vessel heart disease which impairment has made me a disabled person. Pursuant to Section 55-a, I'm qualified to apply in civil service positions either on a competitive or non-competitive basis.

I recently passed the Civil Service exams for Beginning Clerical Worker and Eligibility Specialist with general ratings of 90.0% and 72.5%, respectively.

As my resume indicates, I have a strong academic background in accounting combined with over five years of experience in bookkeeping. In me, you will discover a reliable, detail-oriented, efficient and hard working associate – one who will serve as a model to encourage other staff members to demonstrate the same high standard of professionalism.

As in any business, I recognize the need for confidentiality and discretion. My strong organizational and time management abilities will allow me to multi-task to meet dead-lines. A dedicated and flexible player, I am also very self-motivated and work well independently. With my varied transferable skills, I believe I could make a significant and valuable contributions to your organization.

I look forward to hearing from you to discuss the possibility of setting up an interview at your utmost convenience. I can be reached either by email at **echostar143@yahoo.com** or by phone at 347-397-4141.

Thank you for your time and favorable consideration.

Sincerely yours,

**BERNARD IDLISAN**

**EXHIBIT I**

**Subject:**  Your online resume has been successfully submitted

**From:**  hhcjobs@nychhc.org (hhcjobs@nychhc.org)

**To:**  echostar143@yahoo.com;

**Date:**  Wednesday, December 31, 1969 7:00 PM

(Please Note:  This message was automatically generated.  Please do not respond.)

Dear BERNARD IDLISAN,

Thank you for expressing an interest in the following position(s) submitted on 2011-08-13:

4663-Clerical Associate - L III(00002365)
4662-Clerical Associate - L III(I03369)

We have received your application.  Should we need additional information from you, you will be contacted directly.

Once again, thank you for your interest in the New York City Health & Hospitals Corporation.

To review your information, click the following link.

----------------------------------------
Visit www.nyc.gov/hhc

CONFIDENTIALITY NOTICE: The information in this E-Mail may be confidential and may be legally privileged. It is intended solely for the addressee(s). If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on this e-mail, is prohibited and may be unlawful. If you have received this E-Mail message in error, notify the sender by reply E-Mail and delete the message.

1402 Jefferson Avenue, 1st Floor
Brooklyn, NY 11237
**Echostar143@yahoo.com**

August 13, 2011

**CONEY ISLAND HOSPITAL**
Human Resources Department
2601 Ocean Parkway Building 6
Brooklyn, NY 11235
Attn: Recruitment Unit

Dear Recruiter:

I'm writing in response to your advertisement posted on the HHC website for **Clerical Associate – L II** position under **Job ID#4630.** I'm applying for this job vacancy through the **55-a Program** of the New York State Civil Service Law as administered by the New York City Department of Citywide Administrative Services.

I was diagnosed with severe triple vessel heart disease which impairment has made me a disabled person. Pursuant to Section 55-a, I'm qualified to apply in civil service positions either on a competitive or non-competitive basis.

I recently passed the Civil Service exams for Beginning Clerical Worker and Eligibility Specialist with general ratings of 90.0% and 72.5%, respectively.

As my resume indicates, I have a strong academic background in accounting combined with over five years of experience in bookkeeping. In me, you will discover a reliable, detail-oriented, efficient and hard working associate – one who will serve as a model to encourage other staff members to demonstrate the same high standard of professionalism.

As in any business, I recognize the need for confidentiality and discretion. My strong organizational and time management abilities will allow me to multi-task to meet deadlines. A dedicated and flexible player, I am also very self-motivated and work well independently. With my varied transferable skills, I believe I could make a significant and valuable contributions to your organization.

I look forward to hearing from you to discuss the possibility of setting up an interview at your utmost convenience. I can be reached either by email at **echostar143@yahoo.com** or by phone at 347-397-4141.

Thank you for your time and favorable consideration.

Sincerely yours,

**BERNARD IDLISAN**

**EXHIBIT I♭**

1402 Jefferson Avenue, 1st Floor
Brooklyn, NY 11237-6010

June 06, 2011

**CONEY ISLAND HOSPITAL**
**Attn: Recruitment Unit**
Human Resources Department
2601 Ocean Parkway, Bldg. 6
Brooklyn, NY 11235

Dear Sir/Madam:

I'm seeking a **Clerical Associate-L III-Inpatient** position under **Job 1D#3644** in your institution through the **55-a Program** of the New York State Civil Service Law as administered by the NYC Department of Citywide Administrative Services (DCAS).

I'm an individual with a physical impairment recently diagnosed with **severe triple vessel heart disease.** Pursuant to **Section 55-a**, I'm qualified to apply in civil service positions on a non-competitive basis.

My resume that highlights my professional work experience is hereto attached for your review and evaluation.

As indicated on the enclosed resume, I have a very strong background in accounting combined with over five years of work experience in bookkeeping. I'm proficient in MS Office Suites (Word, Excel, PowerPoint) as well as in QuickBooks and One-Write Plus computerized accounting softwares.

Experience taught me how to build strong relationships with all departments at an organization, I have the ability to work as part of a team as well as independently. My strong organizational and management] skills allow me to multi-task to meet deadlines. With my varied transferable skills, I believe that I could make significant and valuable contributions to your agency.

I look forward to hearing from you to discuss the possibility of setting up an interview at your convenience. Please contact me either by email at echostar143@yahoo.com or by phone at **(347)-397-4141.**

Thank you for your time and favorable consideration.

Sincerely yours,


**BERNARD IDLISAN**


**EXHIBIT J**

| | |
|---|---|
| **Subject:** | Your online resume has been successfully submitted |
| **From:** | hhcjobs@nychhc.org (hhcjobs@nychhc.org) |
| **To:** | echostar143@yahoo.com; |
| **Date:** | Wednesday, December 31, 1969 7:00 PM |

(Please Note: This message was automatically generated. Please do not respond.)

Dear BERNARD IDLISAN,

Thank you for expressing an interest in the following position(s) submitted on 2011-10-30:

5498-Clerical Associate - Level III

We have received your application. Should we need additional information from you, you will be contacted directly.

Once again, thank you for your interest in the New York City Health & Hospitals Corporation.

To review your information, click the following link.

https://careers.nychhc.org/psc/hrtamext/EMPLOYEE/HRMS/c/HRS_HRAM.HRS_CE.GBL?
Page=HRS_CE_HM_PRE&Action=A&SiteId=1
------------------------------------------
Visit www.nyc.gov/hhc

CONFIDENTIALITY NOTICE: The information in this E-Mail may be
confidential and may be legally privileged. It is intended solely
for the addressee(s). If you are not the intended recipient, any
disclosure, copying, distribution or any action taken or omitted to
be taken in reliance on this e-mail, is prohibited and may be
unlawful. If you have received this E-Mail message in error, notify
the sender by reply E-Mail and delete the message.

**EXHIBIT K**

Print

**Subject:** Your online resume has been successfully submitted

**From:** hhcjobs@nychhc.org (hhcjobs@nychhc.org)

**To:** echostar143@yahoo.com;

**Date:** Wednesday, December 31, 1969 7:00 PM

(Please Note: This message was automatically generated. Please do not respond.)

Dear BERNARD IDLISAN,

Thank you for expressing an interest in the following position(s) submitted on 2011-11-12:

5366-Clerical Associate - L II(X99347) 21HRS REPOST

We have received your application. Should we need additional information from you, you will be contacted directly.

Once again, thank you for your interest in the New York City Health & Hospitals Corporation.

To review your information, click the following link.

https://careers.nychhc.org/psc/hrtamext/EMPLOYEE/HRMS/c/HRS_HRAM.HRS_CE.GBL?Page=HRS_CE_HM_PRE&Action=A&SiteId=1
-----------------------------------------
Visit www.nyc.gov/hhc

CONFIDENTIALITY NOTICE: The information in this E-Mail may be confidential and may be legally privileged. It is intended solely for the addressee(s). If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on this e-mail, is prohibited and may be unlawful. If you have received this E-Mail message in error, notify the sender by reply E-Mail and delete the message.

**EXHIBIT L**

Print                                                                                                    Page 1 of 1

**Subject:** Your online resume has been successfully submitted

**From:** hhcjobs@nychhc.org (hhcjobs@nychhc.org)

**To:** echostar143@yahoo.com;

**Date:** Wednesday, December 31, 1969 7:00 PM

(Please Note: This message was automatically generated. Please do not respond.)

Dear BERNARD IDLISAN,

Thank you for expressing an interest in the following position(s) submitted on 2011-11-16:

5732-Clerical Associate Level III

We have received your application. Should we need additional information from you, you will be contacted directly.

Once again, thank you for your interest in the New York City Health & Hospitals Corporation.

To review your information, click the following link.

https://careers.nychhc.org/psc/hrtamext/EMPLOYEE/HRMS/c/HRS_HRAM.HRS_CE.GBL?
Page=HRS_CE_HM_PRE&Action=A&SiteId=1
----------------------------------------
Visit www.nyc.gov/hhc

CONFIDENTIALITY NOTICE: The information in this E-Mail may be confidential and may be legally privileged. It is intended solely for the addressee(s). If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on this e-mail, is prohibited and may be unlawful. If you have received this E-Mail message in error, notify the sender by reply E-Mail and delete the message.

**EXHIBIT M**

**Subject:** Your online resume has been successfully submitted

**From:** hhcjobs@nychhc.org (hhcjobs@nychhc.org)

**To:** echostar143@yahoo.com;

**Date:** Wednesday, December 31, 1969 7:00 PM

(Please Note: This message was automatically generated. Please do not respond.)

Dear BERNARD IDLISAN,

Thank you for expressing an interest in the following position(s) submitted on 2011-11-17:

5733-Clerical Associate - L II(X99347) 21HRS REPOST

We have received your application. Should we need additional information from you, you will be contacted directly.

Once again, thank you for your interest in the New York City Health & Hospitals Corporation.

To review your information, click the following link.

https://careers.nychhc.org/psc/hrtamext/EMPLOYEE/HRMS/c/HRS_HRAM.HRS_CE.GBL?
Page=HRS_CE_HM_PRE&Action=A&SiteId=1
-----------------------------------------
Visit www.nyc.gov/hhc

CONFIDENTIALITY NOTICE: The information in this E-Mail may be
confidential and may be legally privileged. It is intended solely
for the addressee(s). If you are not the intended recipient, any
disclosure, copying, distribution or any action taken or omitted to
be taken in reliance on this e-mail, is prohibited and may be
unlawful. If you have received this E-Mail message in error, notify
the sender by reply E-Mail and delete the message.

**EXHIBIT N**

**Subject:** Your online resume has been successfully submitted

**From:** hhcjobs@nychhc.org (hhcjobs@nychhc.org)

**To:** echostar143@yahoo.com;

**Date:** Wednesday, December 31, 1969 7:00 PM

(Please Note: This message was automatically generated. Please do not respond.)

Dear BERNARD IDLISAN,

Thank you for expressing an interest in the following position(s) submitted on 2011-11-17:

5790-Clerical Associate - L III (ASA11-06)

We have received your application. Should we need additional information from you, you will be contacted directly.

Once again, thank you for your interest in the New York City Health & Hospitals Corporation.

To review your information, click the following link.

https://careers.nychhc.org/psc/hrtamext/EMPLOYEE/HRMS/c/HRS_HRAM.HRS_CE.GBL?Page=HRS_CE_HM_PRE&Action=A&SiteId=1
-----------------------------------------
Visit www.nyc.gov/hhc

CONFIDENTIALITY NOTICE: The information in this E-Mail may be confidential and may be legally privileged. It is intended solely for the addressee(s). If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on this e-mail, is prohibited and may be unlawful. If you have received this E-Mail message in error, notify the sender by reply E-Mail and delete the message.

**EXHIBIT O**

| | |
|---|---|
| **Subject:** | Your online resume has been successfully submitted |
| **From:** | hhcjobs@nychhc.org (hhcjobs@nychhc.org) |
| **To:** | echostar143@yahoo.com; |
| **Date:** | Wednesday, December 31, 1969 7:00 PM |

(Please Note: This message was automatically generated. Please do not respond.)

Dear BERNARD IDLISAN,

Thank you for expressing an interest in the following position(s) submitted on 2011-11-22:

5064-Clerical Associate - L III

We have received your application. Should we need additional information from you, you will be contacted directly.

Once again, thank you for your interest in the New York City Health & Hospitals Corporation.

To review your information, click the following link.

https://careers.nychhc.org/psc/hrtamext/EMPLOYEE/HRMS/c/HRS_HRAM.HRS_CE.GBL?
Page=HRS_CE_HM_PRE&Action=A&SiteId=1
------------------------------------------
Visit www.nyc.gov/hhc

CONFIDENTIALITY NOTICE: The information in this E-Mail may be
confidential and may be legally privileged. It is intended solely
for the addressee(s). If you are not the intended recipient, any
disclosure, copying, distribution or any action taken or omitted to
be taken in reliance on this e-mail, is prohibited and may be
unlawful. If you have received this E-Mail message in error, notify
the sender by reply E-Mail and delete the message.

**EXHIBIT P**

| Subject: | Your online resume has been successfully submitted |
| From: | hhcjobs@nychhc.org (hhcjobs@nychhc.org) |
| To: | echostar143@yahoo.com; |
| Date: | Wednesday, December 31, 1969 7:00 PM |

(Please Note: This message was automatically generated. Please do not respond.)

Dear BERNARD IDLISAN,

Thank you for expressing an interest in the following position(s) submitted on 2011-12-20:

6014-Clerical Associate - L III

We have received your application. Should we need additional information from you, you will be contacted directly.

Once again, thank you for your interest in the New York City Health & Hospitals Corporation.

To review your information, click the following link.

https://careers.nychhc.org/psc/hrtamext/EMPLOYEE/HRMS/c/HRS_HRAM.HRS_CE.GBL?
Page=HRS_CE_HM_PRE&Action=A&SiteId=1
-----------------------------------------
Visit www.nyc.gov/hhc

CONFIDENTIALITY NOTICE: The information in this E-Mail may be confidential and may be legally privileged. It is intended solely for the addressee(s). If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on this e-mail, is prohibited and may be unlawful. If you have received this E-Mail message in error, notify the sender by reply E-Mail and delete the message.

**EXHIBIT Q**

| | |
|---|---|
| **Subject:** | Your online resume has been successfully submitted |
| **From:** | hhcjobs@nychhc.org (hhcjobs@nychhc.org) |
| **To:** | echostar143@yahoo.com; |
| **Date:** | Wednesday, December 31, 1969 7:00 PM |

(Please Note: This message was automatically generated. Please do not respond.)

Dear BERNARD IDLISAN,

Thank you for expressing an interest in the following position(s) submitted on 2011-12-23:

6154-Clerical Associate - L II  (2 Positions)

We have received your application. Should we need additional information from you, you will be contacted directly.

Once again, thank you for your interest in the New York City Health & Hospitals Corporation.

To review your information, click the following link.

https://careers.nychhc.org/psc/hrtamext/EMPLOYEE/HRMS/c/HRS_HRAM.HRS_CE.GBL?
Page=HRS_CE_HM_PRE&Action=A&SiteId=1
-------------------------------------------
Visit www.nyc.gov/hhc

CONFIDENTIALITY NOTICE: The information in this E-Mail may be
confidential and may be legally privileged. It is intended solely
for the addressee(s). If you are not the intended recipient, any
disclosure, copying, distribution or any action taken or omitted to
be taken in reliance on this e-mail, is prohibited and may be
unlawful. If you have received this E-Mail message in error, notify
the sender by reply E-Mail and delete the message.

**EXHIBIT R**

employment.nychhc.org                                    http://employment.nychhc.org/careers.html

My Career Tools

## My Career Tools

BERNARD IDLISAN
1402 JEFFERSON AVENUE, 1ST FLOOR
BROOKLYN, NY 11237-6010
KINGS

### My Applications

Display applications from: All Applications          Refresh

First    Previous    Next    Last

| Application | Status | Application Date |
|---|---|---|
| Clerical Associate - L III (000026605) | Applied | 08/13/2011 10:54AM |
| Clerical Associate - L III | Applied | 08/13/2011  1:28PM |
|  | Applied | 08/13/2011  1:48PM |
| Clerical Associate - L III (053565) | Applied | 08/13/2011  1:48PM |

### Resumes

| Resume Title | Attached File | Created |
|---|---|---|
| Bernard_Resume143.doc | Bernard_Resume143.doc | 08/13/2011 10:59AM |

### Cover Letters and Attachments

| File Name | Attachment Type | Uploaded |
|---|---|---|
| Copy of Cover Letter.doc | Cover Letters | 08/13/2011 11:29AM |
| Copy of Cover Letter.doc | OIF | 08/13/2011  1:37PM |

All HHC Facilities are Smoke Free
All positions are subject to a background investigation.
We are an Equal Opportunity Employer M/F/D/V.
New York City residence may be required for employment.

9/18/2011 7:52 AM

employment.nychhc.org

**Careers Home**    **Job Search**    **My Saved Jobs**    **My Saved Searches**    My Career Tools    **Logout**

# My Career Tools

BERNARD IDLISAN
1402 JEFFERSON AVENUE, 1ST FLOOR
BROOKLYN, NY 11237-6010
KINGS
Edit Profile

**My Applications**

Display applications from: [All Applications ▾]    [ Refresh ]

◄◄ First  ◄ Previous  Next ►  Last ►►

| Application | Status | Application Date |
|---|---|---|
| Clerical Associate - L III (00002663) | Applied | 08/13/2011 10:54AM |
| Clerical Associate - L II | Applied | 08/13/2011  1:28PM |
| Clerical Associate - L III(00002365) | Applied | 08/13/2011  1:48PM |
| Clerical Associate - L III(103369) | Applied | 08/13/2011  1:48PM |
| Clerical Associate - Level III | Applied | 10/30/2011  5:03PM |

**Resumes**

| Resume Title | Attached File | Created |
|---|---|---|
| Bernard_Resume143.doc | Bernard_Resume143.doc | 08/13/2011 10:59AM |
| B Idlisan-Clerical Associate Level III | Bernard_Resume143.doc | 11/16/2011 11:25PM |
| B Idlisan - Clerical Associate LIII | Bernard_Resume143.doc | 11/17/2011  7:02PM |
| B Idlisan - Clerical Associate - LIII | Bernard_Resume143.doc | 11/22/2011 10:54AM |
| B Idlisan Clerical Associate LIII | Bernard_Resume143.doc | 12/20/2011 12:27PM |
| B Idlisan - Clerical Associate LII | Bernard_Resume143.doc | 12/23/2011  5:56PM |

All HHC Facilities are Smoke Free
All positions are subject to a background investigation.
We are an Equal Opportunity Employer M/F/D/V.
New York City residence may be required for employment.



**NEW YORK CITY HEALTH AND HOSPITALS CORPORATION**

nyc.gov/hhc

Bellevue Medical Center • Coler-Goldwater Hospital & Nursing Facility • Coney Island Hospital Cumberland D&TC • East New York D&TC • Elmhurst Hospital • Gouverneur Healthcare Services • Harlem Hospital • Lincoln Medical & Mental Health Center • Kings County Hospital Jacobi Medical Center • Dr. Susan Smith McKinney Nursing & Rehab Center & Home MetroPlus Health Plan • Health & Home Care • Metropolitan Hospital • Morrisania D&TC North Central Bronx Hospital • Queens Hospital • Renaissance D&TC • Sea View Hospital & Home • Segundo Ruiz Belvis D&TC • Woodhull Medical Center

Applicant Home

Careers Home    Job Search    My Saved Jobs    My Saved Searches    My Career Tools    Logout

## My Career Tools

BERNARD IDLISAN
1402 JEFFERSON AVENUE, 1ST FLOOR
BROOKLYN, NY 11237-6010
KINGS
Edit Profile

### My Applications

Display applications from: [ All Applications ▼ ]    [ Refresh ]

First    Previous    Next    Last

| | Application | Status | Application Date |
|---|---|---|---|
| | Clerical Associate - L II(X99347) 21HRS REPOST | Applied | 11/12/2011  5:19AM |
| | Clerical Associate Level III | Applied | 11/16/2011 11:15PM |
| | Clerical Associate - L II(X99347) 21HRS REPOST | Applied | 11/17/2011  6:38PM |
| | Clerical Associate - L III (ASA11-06) | Applied | 11/17/2011  6:58PM |
| | Clerical Associate - L III | Applied | 11/22/2011 10:51AM |

### Resumes

| Resume Title | Attached File | Created |
|---|---|---|
| Bernard_Resume143.doc | Bernard_Resume143.doc | 08/13/2011 10:59AM |
| B Idlisan-Clerical Associate Level III | Bernard_Resume143.doc | 11/16/2011 11:25PM |
| B Idlisan - Clerical Associate LIII | Bernard_Resume143.doc | 11/17/2011  7:02PM |
| B Idlisan - Clerical Associate - LIII | Bernard_Resume143.doc | 11/22/2011 10:54AM |
| B Idlisan Clerical Associate LIII | Bernard_Resume143.doc | 12/20/2011 12:27PM |
| B Idlisan - Clerical Associate LII | Bernard_Resume143.doc | 12/23/2011  5:56PM |

### Cover Letters and Attachments

| File Name | Attachment Type | Uploaded | | |
|---|---|---|---|---|
| Copy_of_Cover_Letter.doc | OIF | 11/17/2011  6:49PM | Edit Attachment | 🗑 |
| Copy_of_Cover_Letter.doc | Personal References | 11/22/2011 11:19AM | Edit Attachment | 🗑 |
| Copy_of_Cover_Letter.doc | Reference Attachments | 12/20/2011 12:37PM | Edit Attachment | 🗑 |
| Copy_of_Cover_Letter.doc | Cover Letters | 12/23/2011  4:22PM | Edit Attachment | 🗑 |

➕ Add Attachment

Return to Previous Page

Applicant Home

**Careers Home**    **Job Search**    **My Saved Jobs**    **My Saved Searches**    My Career Tools    Logout

# My Career Tools

BERNARD IDLISAN
1402 JEFFERSON AVENUE, 1ST FLOOR
BROOKLYN, NY 11237-6010
KINGS
Edit Profile

| My Applications | | |
|---|---|---|
| Display applications from: | All Applications ▼ | Refresh |

First | Previous | Next | Last

| | Application | Status | Application Date |
|---|---|---|---|
| | Clerical Associate - L III | Applied | 12/20/2011 12:19PM |
| | Clerical Associate - L II (2 Positions) | Applied | 12/23/2011 5:47PM |

| Resumes | | |
|---|---|---|
| Resume Title | Attached File | Created |
| Bernard_Resume143.doc | Bernard_Resume143.doc | 08/13/2011 10:59AM |
| B Idlisan-Clerical Associate Level III | Bernard_Resume143.doc | 11/16/2011 11:25PM |
| B Idlisan - Clerical Associate LIII | Bernard_Resume143.doc | 11/17/2011 7:02PM |
| B Idlisan - Clerical Associate - LIII | Bernard_Resume143.doc | 11/22/2011 10:54AM |
| B Idlisan Clerical Associate LIII | Bernard_Resume143.doc | 12/20/2011 12:27PM |
| B Idlisan - Clerical Associate LII | Bernard_Resume143.doc | 12/23/2011 5:56PM |

| Cover Letters and Attachments | | | | |
|---|---|---|---|---|
| File Name | Attachment Type | Uploaded | | |
| Copy_of_Cover_Letter.doc | OIF | 11/17/2011 6:49PM | Edit Attachment | 🗑 |
| Copy_of_Cover_Letter.doc | Personal References | 11/22/2011 11:19AM | Edit Attachment | 🗑 |
| Copy_of_Cover_Letter.doc | Reference Attachments | 12/20/2011 12:37PM | Edit Attachment | 🗑 |
| Copy_of_Cover_Letter.doc | Cover Letters | 12/23/2011 4:22PM | Edit Attachment | 🗑 |

➕ Add Attachment

Return to Previous Page

S2



NEW YORK STATE
# DIVISION OF HUMAN RIGHTS
OFFICE OF SEXUAL HARASSMENT ISSUES
55 HANSON PLACE, ROOM 900
BROOKLYN, NEW YORK 11217

(718) 722-2060
Fax: (718) 722-4525
www.dhr.ny.gov

ANDREW M. CUOMO
GOVERNOR

GALEN D. KIRKLAND
COMMISSIONER

March 6, 2012

Bernard Idlisan
1402 Jefferson Avenue, 1st Floor
Brooklyn, NY 11237

Re:    Bernard Idlisan v. New York City Health & Hospitals Corporation
       Case No. 10153653

Dear Bernard Idlisan:

Please be advised that this office has received your complaint. Your filing date is 3/5/2012.

A copy of your complaint, and the determination, will be sent to the U.S. Equal Employment Opportunity Commission (EEOC), so that your complaint may be dual-filed under applicable federal law. Your EEOC charge number is 16GB201974.

To protect your rights, it is essential that the Division be notified promptly of any change in your address or telephone number. A form is enclosed for this purpose.

You will be contacted by the Human Rights Specialist assigned to your case when the active investigation of your complaint begins. In the meantime, if you have any questions please call our office at (718) 722-2060.

Very truly yours,

Joyce Yearwood-Drury
Director O.S.H.I.

Rec'd
03/08/12

EXHIBIT BB



**GENERATIONS+**
**NORTHERN MANHATTAN**    HEALTH NETWORK

LINCOLN MEDICAL AND MENTAL HEALTH CENTER
234 Eugenio Maria De Hostos Blvd. (149th Street), Bronx NY 10451    Tel: (718) 579-5000

May 4, 2012

HARLEM
HOSPITAL CENTER

LINCOLN MEDICAL AND
MENTAL HEALTH CENTER

MORRISANIA DIAGNOSTIC
AND TREATMENT CENTER

RENAISSANCE
HEALTH CARE NETWORK

SEGUNDO RUIZ BELVIS
DIAGNOSTIC & TREATMENT CENTER

Mr. David E. Powell
Regional Director
New York State Division of Human Rights
Upper Manhattan Regional Office
163 West 125th Street, Room 401
New York, NY 10027

RECEIVED
RECEIVED
MAY 17 2012
UPPER MANHATTAN
REGIONAL OFFICE
UPPER MANHATTAN
REGIONAL OFFICE

**Bernard Idlisian v. New York City Health & Hospitals Corporation**
**SDHR Case Numbers: 10153653; 1013675; 10153845**

Dear Mr. Powell:

On March 21, 2012, the New York City Health & Hospitals Corporation (Respondent or the "Corporation") received a complaint filed with the New York State Division of Human Rights (SDHR) by the above named Complainant this was complaint # 10153845. On March 8, 2012 Respondent received complaint # 10153653 and on March 15, 2012 Respondent received complaint # 1013675. This position statement is submitted as a collective response to all three of Complainant's complaints. Complainant's allegations are that he was discriminated due to disability. In addition to the undersigned, the distribution for any correspondence in this matter should include: **Mark Walter, Esq. at New York City Health and Hospitals Corporation, Office of Legal Affairs, 125 Worth Street, Room 527, New York, New York 10013**.

Complainant states that between August and December 2011, he applied for 12 Clerical Associate positions in various facilities which were advertised and posted on Respondent's employment web site. Two positions were available in Queens Hospital Center; three available at Coney Island Hospital; three available at Elmhurst Hospital; one available at North Central Bronx (Jacobi Hospital); one at Bellevue Hospital; one at HHC's Health & Home Care division; and one at Morrisania Diagnostic & Treatment Center. All of these facilities come under the jurisdiction of Respondent HHC. Complainant alleges that in response to the postings, he applied for each of the vacancies "… through Section 55-a of the New York State Civil Service Law …" *See* Complainant's complaint *Description of Discrimination*. Complainant further alleges that the nature of the discrimination was due to his not being hired because of his disability and in violation of section 55-a of the State Civil Service Law.

EXHIBIT CC



**Respondent's claim of discrimination based on violation of Section 55-a, NYS Civil Service Law**

Initially, Respondent asserts that Complainant's allegation regarding any violation of the New York State Civil Service Law is not within the jurisdictional review of the SDHR. It should also be noted that Section 55-a of the New York State Civil Service Law refers to the employment of persons with disabilities by *municipalities* and in any case does not apply to Respondent HHC. Respondent HHC is a public benefit corporation, created by the New York State Legislature on July 1, 1970, to operate New York City's municipal hospitals and is not itself a municipal agency. Notwithstanding that fact, Respondent has implemented a similar program through its Personnel Rules and Regulations entitled <u>Regulation No. 4: Non-Competitive Employment Program for Qualified Persons with Physical and Mental Disabilities.</u> Under Regulation 4, Respondent may designate a certain number of competitive positions (within various titles) to be classified as non-competitive positions, which can be performed by physically and mentally disabled persons who are found to be qualified to perform such positions. There is no formal application or central recruitment for Regulation 4, except that any facility of Respondent may identify any position that may be filled by a qualified mentally or physically disabled person and designate the position as such; **or** a mentally or physically disabled person may initiate a request to have a competitive position converted to non-competitive status by submitting a request to the facility's Human Resources Director in application for a specific position.

Again, Regulation 4 does not apply in Complainant's situation for the following two reasons. First, Respondent's facilities, where Complainant filed applications for the position of Clerical Associate, had not identified the competitive Clerical Associate positions as one which may be filled by qualified physically or mentally disabled persons; and second, the competitive status for *all* the Clerical Associate positions that Complainant had applied for had *already* been waived. Consequently, Respondent was not filling those positions through the civil service exam list but rather through an open non-competitive process, open to any qualified person wishing to be considered for the position (including any person who may be mentally or physically disabled).

**Respondent's claim of discrimination based on disability**

In order to establish a claim of discrimination based on failure to hire due to a disability, Complainant must establish that he was a member of a protected class; that he applied for and was qualified for a position to which Respondent was seeking applicants; that he did not obtain that position; and that his failure to obtain the position occurred under circumstances giving rise to an inference of discrimination.

With regards to Respondent's knowledge of whether Complainant had a disability, Respondent became aware of this fact only after having received Complainant's verified complaints and in reviewing Complainant's "Career Tools, Detailed Application" page (which Complaiant himself submitted as an exhibit). Complainant applied for 12 positions which were available at various of Respondent's facilities, all done on line through Respondent's employment web site. When

applying online, an applicant will fill out the online application, and sumit a resume, which when submitted, can be viewed by the recruiter.  Seperately, and on the "Detailed Application" page, an applicant can upload other documentation – usually, references, a cover page, educational or licensing credentials, etc. These other documentary materials are not necessarily needed at the time of an application's initial consideration, consequently, are not always viewed.  Our search found that of the 12 positions applied for by Complainant, he had later uploaded and submitted a request for consideration of employment under the 55-a program on three occassions (for position numbers 6014, 5733, and 6154).  Even if Respondent had seen Complainant's letter requesting consideration under 55-a (or what would more appropriately be Respondent's Regulation 4), Respondent emphasizes that Complainant would not have qualified for consideration under this program for the reasons stated in the previous section.

For the 12 positions to which Complainant applied, Respondent received a collective total of 6,544 applications.  Individually, in those 12 positions, the lowest number of applications received by Respondent was 396 applications (position # 6154) and the highest was 833 applications (position # 5064).  Respondent routed all applications directly to the relevant departments for review and consideration.  In all positions, the minimum qualification required that the applicant have at least 18 months of full-time satisfactory clerical experience. Additionally, it specifically required that the applicant be bi-lingual (10 positions required Spanish-speaking; one required Urdu or Spanish-speaking; and one required Benagali-speaking).  These bi-lingual requirements was the primary reason why the position's competitive classification were waived, and on two of the positions the competitive classification was additionally waived because they were part-time (21-hour per-week) positions.

The department's consideration, when reviewing the high number of applications submitted, would start with reviewing the resumes to identify those individuals with the relevant and required work experience, and most importantly in meeting the bi-lingual ability requirements. Logically speaking, the fact that Complainant was not contacted or called for interview was a result of the screening of resumes to identify work experience and bi-lingual ability. Complainant's resume did not demonstrate this immediately on review.  Even if Complainant were to later demonstrate that he has the required experience and language ability, the fact that there were a great number of applicants for a limited number of extremely competitive position(s), would mean that Respondent would screen and first consider those which it can readily identify from the resumes submitted as most qualified.  As noted above, Complainant's resume, on its face, reflected his lack of qualifications for these positions – a circumstance that would readily and logically expalin why he was not called for an interview.  Other more demonstrably qualified candidates would have been called instead.

**Complainant's other allegation**

Complainant finally alleges that he had taken two civil service exams where he passed and scored high in the passing rate and position number on the list for titles that were related to a clerical job.  This allegation is totally irrelevant.  While Complainat did take two civil service

exams (as shown in his exhibits), neither one is applicable to Respondent.  One exam is for a title not used in Respondent's plan of titles, but rather for a position with a New York City agency, and the second was a *state* civil service exam for a state civil service title and position.

<u>Conclusion</u>

Respondent denies discriminating against Complainant and not hiring him due to a disability. Complainant has not demonstrated by facts or evidence that Respondent acted against him because he is disabled.  Furthermore, Respondent first, was not aware of any disability of Complainant and second, his requests to be considered for a position because of a disability (under any disability employment program) are inapplicable in his instance.  Respondent did not violate New York Executive Law Article 15 or any other federal state or local civil rights laws or executive orders.  For the reasons stated, Respondent requests that Complainant's complaint be dismissed with a finding of no probable cause.

Thank you in advance for your attention and consideration.

Sincerely,

Jorge L. Vidró
Jorge Vidró
EEO/AA Officer



NEW YORK STATE
# DIVISION OF HUMAN RIGHTS
OFFICE OF SEXUAL HARASSMENT ISSUES
55 HANSON PLACE, ROOM 900
BROOKLYN, NEW YORK 11217

(718) 722-2060
Fax: (718) 722-4525
www.dhr.ny.gov

**ANDREW M. CUOMO**
GOVERNOR

May 14, 2012

**GALEN D. KIRKLAND**
COMMISSIONER

Bernard B. Idlisan
1402 Jefferson Avenue, 1st Floor
Brooklyn, NY 11237

       Re:    Bernard Idlisan v. New York City Health & Hospitals Corporation
               Case No. 10153653

Dear Bernard B. Idlisan:

       Enclosed is a copy of the respondent's written response to your recently filed complaint. At this time, we are asking you to submit a written response (known as a "rebuttal") to the enclosed material, in order to further the investigation of your case. Please include your case number on your submission.

       Please review the enclosed, and submit your written rebuttal to us by May 29, 2012. The Division will not extend the time for this response, unless good cause is shown in a written application, submitted at least five (5) calendar days prior to the time the response is due.

       If we do not hear from you, we will assume you have nothing to add. The case may then be decided on the basis of what is in the file.

       **Protection of personal privacy:** You may wish to submit documents in support of your complaint. The Division observes a personal privacy protection policy consistent with Human Rights Law § 297.8 which governs what information the Division may disclose, and the N.Y. Public Officer's Law § 89 and § 96-a, which prohibit disclosure of social security numbers and limit further disclosure of certain information subject to personal privacy protection. Please redact or remove personal information from any documentation submitted to the Division, unless and until the Division specifically requests any personal information needed for the investigation. The following information should be redacted: the first five digits of social security numbers; dates of birth; home addresses and home telephone numbers; any other information of a personal nature. The following documentation should not be submitted unless specifically requested by the Division: medical records; credit histories; resumes and employment histories. The Division may return your documents if they contain personal information that was not specifically requested by the Division. If you believe that inclusion of any such personal information is necessary to support your complaint, please contact me to discuss before submitting such information.

Please remember that you must notify us immediately, in writing, of any change in your address or telephone number.  Thank you for your cooperation.

Very truly yours,

Joyce Yearwood-Drury
Director O.S.H.I.

**BERNARD IDLISAN**
1402 Jefferson Avenue, 1st Floor, Brooklyn, NY 11237
347-397-4141 * echostar143@yahoo.com

May 22, 2012

**LEON C. DIMAYA**
Regional Director
New York State Division of Human Rights
55 Hanson Place, Room 1084
Brooklyn, NY 11217

　　　RE:　　**REBUTTAL FOR CASE NO. 10153765**
　　　　　　*Bernard B. Idlisan v. New York City Health and Hospitals Corporation*

Dear Mr. Dimaya:

This is in compliance with your letter-request dated **May 14, 2012** asking me to submit a written response (known as a "rebuttal") to the above-referenced case.

*First and foremost,* I was not aware that the **NYC Health and Hospitals Corporation** is not in itself a **municipal agency** as claimed by **Jorge I. Vidro,** EEO/AA Officer in *paragraph 3* of his letter-response dated **May 04, 2012.**

*Second,* I first heard about HHC through the **New York City Department of Citywide Administrative Services (DCAS) Home Page Job Postings** as supported by attached printouts marked as *Exhibits T* and *U.*

*Third,* the facilities that I have applied for the *twelve (12) positions* of Clerical Associates were all **municipal hospitals** falling under the jurisdiction of HHC.

*Fourth,* I submitted my online applications for the positions of Clerical Associates with these facilities as advertised **based on the belief** that HHC is a municipal agency created under the umbrella of DCAS.

Granting that HHC was not in itself a municipal agency as claimed by Mr. Vidro, how come it was classified under the **NYC Agency Listings** as shown on *Exhibit T* and *U?* How come it uses the same competitive title of Clerical Associate as that of DCAS Civil Service Classification as shown on *Exhibit V?*

As part of the online application process, I formally submitted the **application materials** consisting of a **cover letter, resume,** and an **application form** for the 12 positions with HHC.  In the said cover letters, I specifically mentioned that I had a **disability** that qualifies me to apply for civil service positions on a non-competitive basis pursuant to **Section 55-a** of the NYS Civil Service Law (please see *Exhibits X, Y* and *Z).*  Again, I was assuming that HHC was a municipal agency under DCAS as noted above.

　　　　　　　**page 1**

**EXHIBIT EE**

Under **paragraph 6** of his letter-response, Mr. Jorge I. Vidro stated that, *"With regards to Respondent's knowledge of whether Complainant had a disability, Respondent became aware of this fact only after having received Complainant's verified complaints..."* I totally disagree with his statement that HHC was not aware of my disability. As earlier mentioned, I submitted an online cover letter **delineating** the fact that I have had a disability. In some instances, potential employer cannot just use a resume to interview an applicant  without looking further at his/her cover letter *especially so if he/she is applying for more than two positions at a time.* A resume is not just a biography of everything you have done. An employer should also browse into an applicant's cover letter to identify the kind of position that he/she is applying for and to check for additional information not mentioned in his/her resume. Therefore, both cover letter and resume, along with the application form, should go hand-in-hand during the selection process.

As claimed by Mr. Vidro, my request to be considered for a position because of a disability pursuant to Section 55-a is **inapplicable** since accordingly,  HHC is a non-municipal agency. However, Mr. Vidro further stated in **paragraph 3** that, *"Respondent has implemented a similar program through its Personnel Rules and Regulations entitled* **Regulation No. 4: Non-competitive Employment Program for Qualified Persons with Physical or Mental Disabilities**. *Under Regulation 4, Respondent may designate a certain number of competitive positions (within various titles) to be classified as non-competitive positions...".* Granting that Section 55-a was inapplicable in my case, however, I may find relief under its **Regulation 4 Program**. As an individual with physical impairment, I was not filling those twelve (12) positions of Clerical Associates through the civil service exam list but rather through an **open non-competitive process**, open to any qualified persons wishing to be considered for the position (including any person who may be mentally or physically disabled). Granting that my two civil service exams were considered irrelevant by Respondent in this case as claimed by Mr. Vidro in **paragraph 10** of his letter-response, then just ignore them and consider me instead under Regulation 4.

In **paragraph 8** of his response, Mr. Vidro stated that, *"As noted above, Complainant's resume, on its face, reflected his lack of qualifications for these positions-a circumstance that would readily and logically explain why he was not called for an interview".* For me, this statement was quite a **disparaging remarks** made by a professional EEO Officer because this was a **blatant underestimation** of my background and qualifications.

As clearly indicated on my resume, I worked for a **pediatric hospital** way back in my **country (Philippines)** from **1986-1994** yielding a total of **eight (8) years health-care related experience**. As **Medical Records Associate** for eight (8) consecutive years, I have had a wide-range of experience in medical administrative duties, including but not limited to, office management, billing/invoicing, payroll management administration, document preparation, and information technology. These specific duties were duly indicated in the herein attached cover letters marked as **Exhibits X, Y,** and **Z**. I know what a Clerk's job descriptions are because I had performed this similar kind of job in a

page 2

hospital setting before I was promoted to a highly confidential position.  In general, my resume showed that I have **fifteen (15) years** of data entry experience, **8 years** of which were performed in a health-care related environment.  I then **surpassed** the 18 months minimum qualifications required.  Therefore, it's ***unfair*** for Mr. Vidro to conclude that I lacked the appropriate qualifications for the positions that I have applied for.

I strongly disagree with the conclusory statement of Mr. Vidro that I lacked the necessary qualifications for these positions solely based on my resume.  My prior health-related experience was *not properly taken into consideration* by HHC, the details of which were clearly illustrated in the herein attached cover letters.  HHC should have gone deeper into the details of my qualifications before making any conclusory assertions that I don't have the preferred experience and skills to perform the duties of the position of Associate Clerk.  As my resume indicates, I also have had a ***college education obtained from a foreign country*** which was not also given due consideration by Respondent during the initial hiring process.  My language skills **(bi-lingual in Spanish)** were also indicated in the attached **Application form** marked as *Exhibit W*.  To sum them up, my experience and educational background were basically **foreign-based** which I believe could have been a contributing factor in HHC's decision to exclude me from further consideration.

In conclusion, I should state that HHC has a way of knowing my disability through the attached cover letters marked as ***Exhibits X, Y,*** and ***Z*** which I have previously submitted online as attachments pursuant to Section 55-a.  These evidences, however, were **blatantly denied** and not properly taken into consideration by Respondent for reasons other than ***'not necessarily needed'*** at the time of an applicant's initial consideration.  The inapplicability of Section 55-a in my instance should not be used as basis for not granting my initial request to be considered for a position because of a disability.  I should be qualified instead through **HHC's** ***Regulation 4: Non-competitive Employment Program for Qualified Persons with Physical or Mental Disabilities***.  Within the meaning of **Section 297, subd. 21** of the Human Rights Law, my physical and/or medical condition would qualify as a disability.

Therefore, based on the foregoing facts, I hereby respectfully request that the NYS Division of Human Rights consider my compliant in its entirety and grant me any and all other further relief as it might find just and proper.

Thank you in advance for your favorable consideration.

Sincerely yours,

*Bernard Idlisan*
**BERNARD IDLISAN**

Encl: As stated

**page 3**



ANDREW M. CUOMO
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>BERNARD IDLISAN,<br><br>Complainant,<br><br>v.<br><br>NEW YORK CITY HEALTH & HOSPITALS CORPORATION,<br><br>Respondent. | DETERMINATION AND ORDER AFTER INVESTIGATION<br><br>Case No.<br>10153653 |

Federal Charge No. 16GB201974

On 3/5/2012, Bernard B. Idlisan filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of disability in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

There is insufficient evidence to support the Complainant's contention that the Respondent discriminated against him in relation to employment because of disability.

The investigation revealed that the Complainant, who suffers from triple vessel heart disease, applied for a number of positions with Respondent at different facilities. The position the Complainant sought at the subject facility was Clerical Associate, LIII, Job ID # 4661, Clerical Associate LIII Job IS # 4662, Clerical Associate LIII Job ID # 4663, Clerical Associate- LII, Job ID # 4630. Respondent did not contact Complainant following Complainant's application and a follow up letter from him.

In Complainant's cover letter Complainant informed Respondent of his disability, and that he wished to be considered for the position under the Section 55-a Program of the New York State Civil Service Law. The 55-A program is a NYS program and Respondent is a NYC city employer not a NYS employer and the 55-a designation does not apply to Respondent.

EXHIBIT FF

The Respondent received at least 396 applications for the position to which Complainant applied, and did not interview Complainant because there was other candidates who were more qualified based on prior job experience and language ability. Respondent claims that is was not aware of complainant's disability because it did not review Complainant's cover letter for the position. Instead, Respondent made its initial selection of applicants based on a screening of applicant's resumes, with the language .requirements for the position being a primary factor in weeding out applications.

It is noted that Complainant's resume did not indicate a language and the documentation he submitted regarding his language skills is regarding a NYS job.

The fact that Complainant suffers from a disability but was not selected for the position he sought, alone, is not sufficient to raise an inference that Respondent refused to hire him due to his disability.  The Complainant failed to proffer evidence connecting his disability to Respondent's decision to not interview or hire him.  Furthermore, the Complainant could not refute Respondent's claim that it received nearly 400 applications, including those from candidates that, upon its initial screening of applications, appeared to be equally or more qualified than the Complainant.  Also, it is not unreasonable to conclude that with such a high number of applicants for one position, numerous others were not contacted or hired by the Respondent

Respondent has articulated valid, non-discriminatory reasons for its actions concerning the Complainant, which have not been shown to be a pretext for discrimination, therefore, Complainant's allegations that Respondent has discriminated against him on the basis of disability should be dismissed.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination.  A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under the Americans with Disabilities Act (ADA). Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC).  You have the right to request a review by EEOC of this action.  To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112.  Otherwise, EEOC will generally adopt our action in your case.

Dated: 8/24/12
       Brooklyn, New York

                    STATE DIVISION OF HUMAN RIGHTS

       By: _____
           Joyce Yearwood-Drury
           Director O.S.H.I.

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Bernard B. Idlisan<br>1402 Jefferson Avenue, 1st Floor<br>Brooklyn, NY 11237 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

|  | ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2012-01974 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

Kevin J. Berry,
**District Director**

September 20, 2012

*(Date Mailed)*

Enclosures(s)

cc:

**NEW YORK CITY HEALTH & HOSPITALS CORP.
WOODHULL HOSPITAL
Attn: EEO Office
760 Broadway, Room 3A-140
Brooklyn, NY 11206**

### EXHIBIT GG

# BERNARD IDLISAN

**1402 Jefferson Avenue, 1st Floor, Brooklyn, NY 11237**
**347-397-4141 . echostar143@yahoo.com**

## Summary

Highly organized and detail-focused Full Charge Bookkeeper with comprehensive knowledge of accounting and auditing principles, accounts payable and receivable, payroll, general ledger postings, invoicing, taxation issues, and regulatory compliance guidelines.

| | | |
|---|---|---|
| Bookkeeping Proficiency | Financial Software & Solutions | Records Management |
| QuickBooks & Excel Literacy | Budget & Auditing Management | Payroll Management |
| A/P & A/R Management | Vendors Management | Inventory Management |

## Professional Experience

**Board of Elections, Brooklyn, NY**                                   08/2010-Present
*Information Clerk*
- Direct voters to the correct election districts or poll sites using the street finder and poll site list.

**Fort Greene Action Center, Brooklyn, NY**                      05/2010-08/2010
*Front Desk Clerk*
- Prioritized assignments, sorted correspondence, typed documents and answered incoming phone calls.

**United States Postal Service, Flushing, NY**                    07/2001-09/2001
*Data Conversion Operator*
- Operated data conversion equipment to transform information from source documents to computer input.
- Selected and typed essential information to create and apply bar codes to the letter.

**Jamaica Furniture, Jamaica, NY**                                   09/1994-07/2001
*Full Charge Bookkeeper*
- Initiated the conversion of the company's manual bookkeeping to computerized accounting system.
- Maintained accounts by reviewing documents to verify accuracy and completeness of accounting data.
- Prepared , coded and posted journal entries to the general ledger accounts using QuickBooks.
- Managed Accounts Payable and Accounts Receivable of approximately 1,000 vendors and customers.
- Intensified collection efforts by contacting external customers to obtain payments.
- Prepared monthly bank reconciliations.
- Calculated employees' wages from time cards and prepared checks for payment.

**Philippine Children's Medical Center,  Quezon City, Philippines**     03/1986- 06/1994
*Records Officer*
- Managed and supervised a medical records section of a pediatric hospital consisting of five clerical staffs.
- Coded records, verified data for accuracy, and abstracted information.
- Compiled data from medical records and answered patient's request for medical information.
- Evaluated employees under my supervision and implemented training programs to meet performance goals.

## Education

**Zamboanga A.E. Colleges, Zamboanga City, Philippines**
Bachelor of Science in Commerce-Accounting major

## Professional Qualities

Proficient in MS Office Suite(Word, Excel, PowerPoint), QuickBooks, One-Write Plus, Lotus123 and DOS.
Highly organized, self-motivated, efficient, and dependable - can work without direct supervision.
Civil Service Eligible (Beginning Clerical Worker) with a passing rate of  90%.
Civil Service Eligible (Hospital Patient Services Clerk I) with a passing rate of 90%.
Civil Service Eligible (Nursing Station Clerk I) with a passing rate of 80%.

## EXHIBIT Q

**Respondent's claim of discrimination based on violation of Section 55-a, NYS Civil Service Law**

Initially, Respondent asserts that Complainant's allegation regarding any violation of the New York State Civil Service Law is not within the jurisdictional review of the SDHR. It should also be noted that Section 55-a of the New York State Civil Service Law refers to the employment of persons with disabilities by *municipalities* and in any case does not apply to Respondent HHC. Respondent HHC is a public benefit corporation, created by the New York State Legislature on July 1, 1970, to operate New York City's municipal hospitals and is not itself a municipal agency. Notwithstanding that fact, Respondent has implemented a similar program through its Personnel Rules and Regulations entitled Regulation No. 4: Non-Competitive Employment Program for Qualified Persons with Physical and Mental Disabilities. Under Regulation 4, Respondent may designate a certain number of competitive positions (within various titles) to be classified as non-competitive positions, which can be performed by physically and mentally disabled persons who are found to be qualified to perform such positions. There is no formal application or central recruitment for Regulation 4, except that any facility of Respondent may identify any position that may be filled by a qualified mentally or physically disabled person and designate the position as such; **or** a mentally or physically disabled person may initiate a request to have a competitive position converted to non-competitive status by submitting a request to the facility's Human Resources Director in application for a specific position.

Again, Regulation 4 does not apply in Complainant's situation for the following two reasons. First, Respondent's facilities, where Complainant filed applications for the position of Clerical Associate, had not identified the competitive Clerical Associate positions as one which may be filled by qualified physically or mentally disabled persons; and second, the competitive status for *all* the Clerical Associate positions that Complainant had applied for had *already* been waived. Consequently, Respondent was not filling those positions through the civil service exam list but rather through an open non-competitive process, open to any qualified person wishing to be considered for the position (including any person who may be mentally or physically disabled).

**Respondent's claim of discrimination based on disability**

In order to establish a claim of discrimination based on failure to hire due to a disability, Complainant must establish that he was a member of a protected class; that he applied for and was qualified for a position to which Respondent was seeking applicants; that he did not obtain that position; and that his failure to obtain the position occurred under circumstances giving rise to an inference of discrimination.

With regards to Respondent's knowledge of whether Complainant had a disability, Respondent became aware of this fact only after having received Complainant's verified complaints and in reviewing Complainant's "Career Tools, Detailed Application" page (which Complaiant himself submitted as an exhibit). Complainant applied for 12 positions which were available at various of Respondent's facilities, all done on line through Respondent's employment web site. When

EXHIBIT f

applying online, an applicant will fill out the online application, and sumit a resume, which when submitted, can be viewed by the recruiter.  Seperately, and on the "Detailed Application" page, an applicant can upload other documentation – usually, references, a cover page, educational or licensing credentials, etc. These other documentary materials are not necessarily needed at the time of an application's initial consideration, consequently, are not always viewed.  Our search found that of the 12 positions applied for by Complainant, he had later uploaded and submitted a request for consideration of employment under the 55-a program on three occassions (for position numbers 6014, 5733, and 6154).  Even if Respondent had seen Complainant's letter requesting consideration under 55-a (or what would more appropriately be Respondent's Regulation 4), Respondent emphasizes that Complainant would not have qualified for consideration under this program for the reasons stated in the previous section.

For the 12 positions to which Complainant applied, Respondent received a collective total of 6,544 applications.  Individually, in those 12 positions, the lowest number of applications received by Respondent was 396 applications (position # 6154) and the highest was 833 applications (position # 5064).  Respondent routed all applications directly to the relevant departments for review and consideration.  In all positions, the minimum qualification required that the applicant have at least 18 months of full-time satisfactory clerical experience. Additionally, it specifically required that the applicant be bi-lingual (10 positions required Spanish-speaking; one required Urdu or Spanish-speaking; and one required Benagali-speaking).  These bi-lingual requirements was the primary reason why the position's competitive classification were waived, and on two of the positions the competitive classification was additionally waived because they were part-time (21-hour per-week) positions.

The department's consideration, when reviewing the high number of applications submitted, would start with reviewing the resumes to identify those individuals with the relevant and required work experience, and most importantly in meeting the bi-lingual ability requirements. Logically speaking, the fact that Complainant was not contacted or called for interview was a result of the screening of resumes to identify work experience and bi-lingual ability. Complainant's resume did not demonstrate this immediately on review.  Even if Complainant were to later demonstrate that he has the required experience and language ability, the fact that there were a great number of applicants for a limited number of extremely competitive position(s), would mean that Respondent would screen and first consider those which it can readily identify from the resumes submitted as most qualified.  As noted above, Complainant's resume, on its face, reflected his lack of qualifications for these positions – a circumstance that would readily and logically expalin why he was not called for an interview.  Other more demonstrably qualified candidates would have been called instead.

**Complainant's other allegation**

Complainant finally alleges that he had taken two civil service exams where he passed and scored high in the passing rate and position number on the list for titles that were related to a clerical job.  This allegation is totally irrelevant.  While Complainat did take two civil service

EXHIBIT g

Bernard Idlisan



**Cardiac Catheterization Report**

Beth Israel Heart Institute
First Avenue at 16th Street
New York, NY 10003
Phone: 212-420-2805
Fax: 212-420-2406

**IDLISAN, BERNARD**

Age: 51    Gender: M    Exam Date: 08/31/2010 09:25    Performing Physician: Aslam, Ahmad K. MD
Referring Physician: Syed, S MD

MRN: 300002606844    Ht (in):    Wt (lb):    BSA:

Exam Location: BI-Petrie-Cath

Procedure CPT: 93510

Indications:    Unstable Angina, Positive Stress Test

ICD-9 Codes:    411.1  794.30

DOH:    Left Heart Cath with Coronary Arteriogram. Abnormal Coronary Arteries (All Causes). Asian/ Pacific Islander.

History:    51 year old male patient with HTN, Dyslipidemia, with chest pain and positive stress test

**Vessel Angiography Findings**
Left main coronary artery: Moderate diffuse disease
Distal Left main: 50% stenosis
Left anterior descending artery: Severe diffuse disease
Ostial LAD: 80% stenosis
Proximal LAD: 70% eccentric stenosis
Mid LAD: 90% stenosis
Left circumflex artery: Moderate diffuse disease
Ostial Circumflex: 70% stenosis
Proximal OM2 (large sized vessel): long segment 70% stenosis
RCA: Moderate diffuse disease
Proximal RCA: 80% stenosis
Mid RCA: Long segment 70% stenosis

**Left Ventriculography**

Mitral Stenosis:    Mitral Insufficiency:

EF: 60    EF Method:



Left Ventriculogram

X - Unable to Interpret    3 - Akinetic
0 - Hyperkinetic    4 - Dyskinetic
1 - Normal    5 - Aneurysmal
2 - Hypokinetic    6 - Akinetic with Scar
S - Severe Hypokinesis    7 - Dyskinetic with Scar

**EXHIBIT A**

Cardiac Catheterization Report                                                                    P.002

**Left Ventriculography Findings**
The RAO shows normal LV systolic function.

**Hemodynamics Findings**
Opening Pressure: 146/78 mmHg

**Access Site:**    Right femoral artery

**Catheterization Procedure  Details**
After explaining the risks and benefits of the procedure informed consent was obtained. (See nursing notes for medications administered.) The right groin was sterilely prepped and draped.1 % lidocaine was used to infiltrate the right groin. A 6F sheath was placed in the right femoral artery using the modified Seldinger technique. Left ventriculography  and Coronary angiography was performed using 6F JL4 and JR4 catheters. All catheters were removed over a guide wire. The case ended without any complications. Perclose device used for the site closure.

**CONCLUSIONS**

Severe Three vessel Disease as described above
Normal Left ventricular systolic function, EF: 60%
LVEDP: 15mmHg

**Procedure Staff:**Karthik Gujja M.D Cardiology fellow
                    Ahmed Kamal Aslam M.D  Cath attending

**Complications**
None

**Recommendations**
1. Surgical consultation for CABG
2. Aggressive Medical Optimization

Ahmad K Aslam MD
(Electronically Signed)
Final Date:  31 August 2010 14:36

# Cardiac Catheterization Report

**IDLISAN, BERNARD**                         Performing Physician: Aslam, Ahmad K. MD
Age: 51    Gender: M    Exam Date:    08/31/2010 09:25    Referring Physician:   Syed, S  MD
MRN:   300002606844    Ht (in):    Wt (lb):    BSA:
Exam Location:   BI-Petrie-Cath

Procedure CPT:   LHC, Coronary Angios, LV Gram (CPT 93510-26, 93543, 93545, 93555-26, 93556-26).

Indications:    Unstable Angina, Positive Stress Test

ICD-9 Codes:    411.1  794.30

DOH:    Left Heart Cath with Coronary Arteriogram. Abnormal Coronary Arteries (All Causes). Asian/ Pacific
Islander.

---

**History:**    51 year old male patient with HTN, Dyslipidemia,with chest pain and positive stress test

**Coronary Diagram**
Dominance:  Right



EXHIBIT B

# TREATING PHYSICIAN'S WELLNESS PLAN REPORT

Participants in HRA's public assistance program, who have been assessed to have unstable or untreated medical and/or mental health conditions affecting functional capacity and requiring treatment, are placed in a wellness plan (WP).  To assist HRA to determine your patient's functional capacity and ability to participate in work-related activities at the completion of the WP, please complete and sign this report and/or provide copies of any medical reports and/or progress notes that would be relevant to making this determination.

You may use the reverse of this form and/or attach extra sheet(s) if necessary.

Patient's Name: BERNARD IDLISAN

Social Security Number                    Age: 51          Male/Female:

Case Manager:  Maria Skelton      FAX: 718-6063199     Telephone  718-606-3141

| I. Current Diagnoses: | Date of Onset | Indicate if a current focus of treatment |
|---|---|---|
| Hypercholesterolemia | | |
| Hypertension | | |
| Coronary Artery disease (severe triple vessel) | 8/31/2010 | |

**II. Relevant Clinical Findings:** (which may include physical exam, mental status exam, labs, EKG, X-Rays, or other specialty exams)

coronary angiogram - reveals severe coronary artery disea

**III. Level of Compliance:**

Attends scheduled appointments?  ☑Yes  ☐No
Takes prescribed medication?  ☑Yes  ☐No  ☐Unknown
Complies with other types of treatment?  ☑Yes  ☐No  ☐Unknown

If "no" to any, explain:

**IV. Clinical Course:** (including type of treatment and response, medication(s), dose and frequency and prognosis)

Ranexa 500 by mouth every 12 hours / light to mod a day
Effient 10mg by mouth once a day             limited daily

Copyright 2006 The City of New York, Department of Social Services
For permission to reproduce all or part of this material contact the New York City Human Resources Administration.

EXHIBIT C

2

**Patient's Name:** _____     **Social Security Number:** _____

## V. Wellness Plan:

Has the diagnosis/condition that is a focus of treatment been resolved or stabilized    ☐ Yes    ☑ No

If no, explain and provide estimated date:

*Pt will require revascularization either angioplasty or preferred stent or coronary Bypass Sur*

## VI. Functional Capacity: PLEASE CHECK-OFF ONLY ONE OF THE FOLLOWING. Please identify the functional capacity below that best describes your patient. Consider how your patient's diagnoses and symptoms affect his/her physical and/or emotional capacity to participate in work-related activities, the type of work can your patient perform, and the type of work that should be avoided. Provide additional comments, as needed.

☐ **No functional limitations.**

☐ **Employable with work limitations.**  What are the work limitations, what types of workplace accommodations are recommended, and what type of work can your patient perform?

☐ **Temporarily unemployable.**  Please specify timeframe you expect your patient will be able to participate in work-related activities with or without limitations.

☑ **Unable to work for at least 12 months.** (may be eligible for long term disability benefits)

☐ **Cannot determine; more information is needed.  (Please Specify)**

## PLEASE PROVIDE ADDITIONAL COMMENTS, as needed.

*Pt at the time need cardiac revascularization and after post op care / as well as cardiac rehabilitat*

**Physician Name (please print):** *Michael Avancino*    **Licer.:** *222928*

**Physician Specialty:** *CARDIOLOGY*    **Tel #:** *(718) 360 5060*

**Physician Signature:** _____    **Date:** *12 / 13 / 2010*

**Physician Stamp (optional)**

MICHAEL L. AVARICE , MD
DEA # BA9780710
NYS # 222928

**If you have any questions, please contact:**
*Marla Skelton*
*718 606-3141*

Copyright 2006 The City of New York, Department of Social Services
For permission to reproduce all or part of this material contact the New York City Human Resources Administration.



SW CNYRxPadMV438610  P  Pad 20 of 20 3/24/2010  N

**OFFICIAL NEW YORK STATE PRESCRIPTION**                    2

MICHAEL L AVARICIO  MD
LIC: 222928

95-11 101 AVENUE OZONE PARK, NY  11416 (718) 360-5060

PRACTITIONER DEA NUMBER

Patient Name _Tellisan, Bernard_        Date _10/19/2010_

Address _____

City _____ State _____ Zip _____ Age _____ Sex Ⓜ/F

Rx Mr Tellisan is my patient with
severe heart condition coronary disease
at high risk for cardiac arrest. Pt requires
open heart surgey (bypass) and it is recommended
bedrest and avoidance of work or physical
activity.

Prescriber Signature X _____        MAXIMUM DAILY DOSE
                                            (controlled substances only)

THIS PRESCRIPTION WILL BE FILLED GENERICALLY UNLESS PRESCRIBER WRITES 'daw' IN THE BOX BELOW

REFILLS    ☐ None:              0M6856  35
           Refills: _____

PHARMACIST
TEST AREA:                Dispense As Written   ANTI-FRAUD PROTECTION - PATENTS 5,757,783; 6,249,192

EXHIBIT D



**Advanced Cardiac Care** PLLC

*Caring for Every Beat*

Michael Avaricio, MD

## <u>CERTIFICATE OF DISABILITY AND JOB READINESS</u>

May 25, 2011

To whom it may concern,

This is to certify that, **BERNARD IDLISAN**, is an individual with a physical disability (severe triple vessel heart disease) that qualifies him for an employment consideration pursuant to **Section 55-a** and **Section 55-b/c** of the New York State Civil Service Law.

**BERNARD IDLISAN** is also job ready and is likely to succeed in performing the duties of an **Accounting Clerk** or any **clerical position** that he is applying for in an office environment setting.

Should you have any questions or concerns, please contact me at **(718)360-5060**.

<u>**Michael L. Avaricio, MD**</u>            _____
   (Printed Name)                                (Signature)

Physician's Specialty: Cardiology            License No.  <u>222928</u>

Physician's Address: <u>**95-11 101 Avenue, Ozone Park, NY 11416**</u>

```
Physician's Stamp( Optional)
Advanced Cardiac Care, PLLC
     Michael L. Avaricio
       95-11 101 Ave
    Ozone Park, NY 11416
Tel 718-360-5060 Fax 718-323-1105
```

**EXHIBIT E**

Health and Hospitals Corporation

The Health and Hospitals Corporation (HHC), the largest municipal hospital and health care system in the country, is a $4.5 billion public benefit corporation. It provides medical, mental health and substance abuse services through its 11 acute care hospitals, four skilled nursing facilities, six large diagnostic and treatment centers and 100 community and school-based clinics. HHC also provides specialized services such as trauma, high risk neonatal and obstetric care, and burn care. HHC acute care hospitals serve as major teaching hospitals. HHC operates a certified home health agency and a health maintenance organization, MetroPlus. HHC is the single largest provider of health care to uninsured New Yorkers. One in every six New Yorkers receives health services at an HHC facility.

Health and Mental Hygiene, Department of

The Department of Health and Mental Hygiene (DOHMH) protects and promotes the health and mental well being of all New Yorkers. The Department provides mental health services; mental retardation and developmental disability services; chemical dependency prevention and treatment; and Early Intervention services to developmentally delayed infants and toddlers. DOHMH's community-based services include: District Public Health Offices; five immunization walk-in clinics; 10 TB/chest centers; 10 STD clinics; HIV prevention and control services; health services at more than 850 schools; and health and mental health services in the City's adult correctional facilities. DOHMH has programs to prevent and control chronic diseases such as asthma, diabetes, heart disease, and cancer. The Department has also made reducing tobacco-related illnesses a priority. DOHMH generates community health profiles; issues birth and death certificates; conducts health and safety inspections to enforce the City Health Code; and protects public safety through immediate response to emergent public health threats. The Department also includes the Office of Chief Medical Examiner.

Homeless Services, Department of

The Department of Homeless Services (DHS), in partnership with public agencies, and the business and nonprofit communities, prevents homelessness and provides temporary emergency shelter for eligible homeless people in a safe, supportive environment. DHS manages 15 City-run and 206 privately-run shelter facilities, consisting of 51 adult facilities and 170 family facilities. DHS also provides outreach services available 24 hours a day, seven days a week, as well as homeless prevention services through community-based programs in six high need neighborhoods.

Housing Authority

The New York City Housing Authority (NYCHA) provides affordable housing to nearly 420,000 low- and moderate-income City residents in 345 housing developments with 180,000 apartments in the five boroughs. Through federal rent subsidies (Section 8 Leased Housing Program), the Authority assists over 87,500 families in locating and renting housing in privately owned buildings. In addition, the Authority provides social services for its residents through 112 community centers, 42 senior centers, and a variety of programs.



U.S. POSTAGE
PAID
BROOKLYN, NY
DEC 11 '12
AMOUNT
$2.70
0002259B0-13

10007

1000    10007

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
New York, NY 10007

USMS
SDNY
Ps

BERNARD B. IDLISAN
- 1402 Jefferson Avenue, 1st Floor
Brooklyn, NY 11237

RECEIVED
SDNY PRO SE OFFICE
2012 DEC 14 PM 1:38